IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 05-69-GMS |
| RANDY J. COLLIER, | : |
| Defendant. | : |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Adam Safwat, Assistant United States Attorney for the District of Delaware, and James A. Natalie, Jr., Esquire, attorney for the defendant, RANDY J. COLLIER, the following agreement is hereby entered into by the respective parties:

1. The Defendant agrees to plead guilty to Count I of the Indictment in this case. Count I charges the Defendant with committing the offense of passing counterfeiting Federal Reserve Notes, with intent to defraud, in violation of Title 18, United States Code, Section 472. The essential elements of the offense, each of which the Government would have to prove beyond a reasonable doubt at trial, are: (i) that the Defendant passed counterfeit Federal Reserve Notes to another person; (ii) that the Defendant knew that the notes were counterfeit at the time he passed them; and (ii) that the Defendant acted with the intent to defraud. The maximum penalties for Count I are twenty years imprisonment, a $250,000.00 fine, three years of supervised release following any term of imprisonment, and a $100.00 special assessment.

2. The Defendant knowingly, voluntarily, and intelligently admits that on or about March 9, 2005, in the State of Delaware, he sold $10,020 in counterfeit notes in denominations of $10 and $20 to another person, knowing that the notes were counterfeit.

3. The United States agrees to a three-level reduction in the offense level for the charge above for the Defendant's affirmative acceptance of responsibility under Sentencing Guideline § 3E1.1, provided the Defendant's offense level is at least 16; otherwise, the United States agrees to a two-level reduction.

4. The Defendant agrees to pay the special assessment of $100.00 at the time of sentencing.

5. If the Court sentences the Defendant to a term of incarceration and orders the payment of any special assessment or fine as part of the Defendant's sentence but the Defendant is unable to pay the full amount of the special assessment or fine at the time of sentencing, the Defendant agrees to enter voluntarily the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of the Defendant's prison salary and apply it on the Defendant's behalf to the payment of the outstanding debt ordered.

6. The Defendant understands that at sentencing, the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to Title 18, United States Code, Section 3553(a). The Defendant recognizes that the final determination of the Defendant's sentence will be made by the Court. The Defendant further understands that the Court is not bound by any stipulations or

recommendations of the parties. The Defendant agrees that he will not be allowed to withdraw his guilty plea because the Court calculates the guidelines differently than he expects, or imposes a sentence greater than what he expects, or imposes a sentence contrary to any stipulation of the parties or recommendation of his attorney.

7. The Defendant agrees to cooperate fully and truthfully with the Government as follows:

    a. The Defendant agrees to provide truthful, complete and accurate information and testimony. The Defendant understands that if he testifies untruthfully in any material way he can be prosecuted for perjury.

    b. The Defendant agrees to provide all information concerning his knowledge of, and participation in, the subject matter of the Indictment of which he has knowledge, and any other crimes about which he has knowledge. The Defendant further understands and agrees that (i) all information and cooperation provided pursuant to this agreement is on the record; and (ii) all information provided under any prior off-the-record proffer letter shall be on the record as of the date of the Defendant's entry of a guilty plea. However, the Government agrees that information provided by the Defendant to the Government pursuant to this agreement shall be governed by U.S.S.G. §1B1.8.

    c. The Defendant agrees to provide the Government with information concerning any bank accounts in his name or in the name of another in which sums are deposited by or at the direction of the Defendant, and information about his state and federal taxes in the last seven years, including his state and federal

tax returns. The Defendant further agrees to provide all names, aliases and social security numbers presently or previously used by him. Defendant understands that his assets, if any exist, may be subject to civil or criminal forfeiture proceedings.

d.     The Defendant agrees that he will not falsely implicate any person or entity and he will not protect any person or entity through false information or omission.

e.     The Defendant agrees to testify truthfully at any Grand Jury, hearing, or trial if called as a witness.

f.     The Defendant agrees to hold himself reasonably available for any interviews as the Government may require.

g.     The Defendant agrees to provide all documents or other items under his control or which may come under his control which may pertain to any crime.

h.     The Defendant understands that his cooperation shall be provided to any law enforcement agency as requested by counsel for the Government.

i.     To enable the Court to have the benefit of all relevant sentencing information, the Defendant waives any rights to a prompt sentencing, and will request that sentencing be postponed until such time as the Government agrees that all relevant sentencing information is available.

j.     The Defendant agrees that if the Government determines that the Defendant has not provided full and truthful cooperation, or has committed any federal, state, or local crime between the date of this agreement and his sentencing, or has otherwise violated any other provision of this agreement, the

agreement may be voided by the Government and the Defendant shall be subject to prosecution for any federal crime of which the Government has knowledge including, but not limited to, perjury, obstruction of justice, and the substantive offenses arising from this investigation. The prosecution may be based on any information provided by the Defendant during the course of his cooperation, and this information may be used as evidence against him. Moreover, the Defendant's previously entered guilty plea will stand and cannot be withdrawn by him.

8. If the Government in its sole discretion determines that the Defendant has fulfilled his obligations of cooperation as set forth above, at the time of sentencing, the Government will:

    a. Make the nature and extent of the Defendant's cooperation known to the Court.

    b. Make a motion to allow the Court to depart from the Sentencing Guidelines pursuant to Sentencing Guideline §5K1.1, only if the Government, in its sole discretion, determines that the Defendant has provided substantial and truthful assistance in the investigation or prosecution of another person who has committed an offense. The Defendant understands that, as of the date of this Memorandum of Plea Agreement, the Government has not yet determined whether his conduct qualifies for a Government motion pursuant to U.S.S.G. § 5K1.1.

    c. The Defendant further understands that the Government in its sole discretion will decide whether and how to investigate any information provided by

him. The Defendant further understands that if he breaches this agreement in any way, including by committing a new crime after the date of this agreement, the Government will not file a substantial assistance motion.

    d.    Make whatever sentencing recommendation the Government deems appropriate.

9. The Defendant's rights under this agreement shall in no way be dependent upon or affected by the outcome of any case in which he may testify.

10. The Defendant understands that if it is discovered that statements made to the Government are untruthful in any material way, this agreement is violated and becomes voidable by the Government. Whether any untruth is considered material is a determination that the Government will make in its sole discretion

11. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. However, if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the Defendant does not receive the benefits he expects from any such stipulation or recommendation, the Defendant may not withdraw his guilty plea.

12. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in a written agreement executed by all the undersigned

parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever unless committed to writing in the manner so provided in this paragraph.

                                              COLM F. CONNOLLY
                                              United States Attorney

_____    BY:  _____
James A. Natalie, Jr., Esquire            Adam Safwat
Attorney for Defendant                 Assistant United States Attorney

_____
Randy Collier
Defendant

Dated: November _____, 2005

\* \* \*

**AND NOW**, this _____ day of _____, 2005, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

                                          _____
                                          THE HONORABLE GREGORY M. SLEET
                                          UNITED STATES DISTRICT JUDGE
                                          DISTRICT OF DELAWARE